PRO YO STY, J.
This is an action in rescission of two certain sales of real estate on the ground of lesion beyond moiety.
It is not pretended that there is any element of fraud in the case. The facts are *107 that the husband of plaintiff, Dr. Bonnette, desired to remove from the town of Pollock, where the property in question is situated, to the city of Monroe, to establish himself there as a physician, and needed money to make a payment on a house he had bought there; and that he sought out the defendant, who lived a day’s journey by rail from Pollock, and offered to sell him the property; and that the defendant diffidently and reluctantly consented. It is evident that under these circumstances plaintiff must bring her case squarely within the statute in order to succeed. In fact, it may perhaps be doubted whether the statute applies to such a case, since to give it that application would destroy the liberty of contract. In this case the evidence would go to show that Dr. Bonnette would have suffered serious loss if he had not succeeded in raising the $650 for which he sold this property, and it shows that he had ineffectually offered the property at even less to others, and that his application to defendant was almost in the nature of a last chance. But we are dispensed from considering that question by the conclusion which we have reached touching the value of the property.
We are also dispensed from passing upon the regularity of the execution of the commission by which the testimony of the witnesses residing in Monroe was taken, since the preponderance of the evidence is against plaintiff on the question of value even if this testimony be considered.
The writer of this opinion purposed giving a synopsis of the testimony, but, after making considerable progress in same, he realized that the doing so was sheer waste of time, the evidence being overwhelmingly on the side of defendant. The value of the property for the purposes of this trial is the amount it could be sold for, and the best way to arrive at that amount is to take the opinion of the people living in the town and acquainted -with the price of property in it.
We take from defendant’s brief the following general tabulation of the estimates, which, in the rough, represents the result of the testimony;
Plaintiff’s Testimony.
The three carpenters and builders from Monroe, La., estimated the cost of the
improvements alone at, average........ $4,040 66 2-3
2 -witnesses, minimum..................... 2,500 00
2 “ “ ..................... 2,000 00
1 44 44 ..................... 1,5 0 0 00
1 44 44 ..................... 1,40 0 00
1 44 44 ..................... 1,800 00
Defendant’s Testimony.
10 witnesses, minimum........................$ 800 00
1 44 44 ........................ 1,200 00
1 44 44 400 00
1 44 improvements alone............ 200 00
1 44 minimum.......,................ 900 00
2 44 44 ........................ 600 00
1 44 44 ........................ 55 0 00
1 44 44 500 00
1 44 44 750 00
2 4 4 44 ........................ 1,00 0 00
1 44 44 ........................ 65 0 00
The defendant therefore has 22 witnesses who agree that the property is worth $1,200 or less.
The district judge came to the conclusion that the property was not shown to be worth more than $1,200.
That the rental value of the property represents much more than that is by no means a conclusive argument in view of the fact that Pollock is a sawmill town, entirely dependent upon the sawmill for its support, and that the sawmill depends upon the pine forests of the neighborhood, which are well-nigh exhausted.
Judgment affirmed.